IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEVONZEL ANDERSON                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 3:23-cv-403-DPJ-FKB

PSYCH DOCTOR ROGER ANASTASIO,
individual and official capacity, et al.                                                           DEFENDANTS

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is Plaintiff Levonzel Anderson's Motions to Proceed *In Forma Pauperis* (IFP) [2, 5, 7, 9]. Anderson is an inmate in the custody of the Mississippi Department of Corrections (MDOC) and is presently incarcerated at the Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi. The Prison Litigation Reform Act (PLRA) provides that a prisoner's privilege to proceed IFP should be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Section 1915(g) is commonly referred to "as the three-strikes rule." *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)). Anderson has accumulated three-strikes. *See Anderson v. Morris, et al.*, No. 17-60754 (5th Cir. Feb. 27, 2019) (dismissing appeal as frivolous); *Anderson v. Warnock, et al.*, No. 4:10cv128-LRA (S.D. Miss. Apr. 27, 2012) (dismissing for failure to state a claim and as frivolous); *Anderson v. Hamilton, et al.*, No. 3:07cv728-JCS (S.D. Miss. Sept. 22, 2009) (dismissing as frivolous).

Anderson alleges that during his incarceration at the South Mississippi Correctional Facility (SMCI), he was sexually assaulted by homosexuals and gang members. [1] at 15–17. The undersigned conducted a hearing on November 29, 2023, to determine whether Anderson

meets the "imminent danger" exception of 28 U.S.C. § 1915(g). For the reasons discussed herein, the undersigned recommends that the Court (1) deny Anderson's IFP motions [2, 5, 7, 9], (2) dismiss this case without prejudice, and (3) direct the Clerk of Court to re-open this civil action if the full filing fee of $402.00 for this civil action is paid within 30 days from the dismissal of this case.

## Legal Standard

In order to meet the three-strikes exception under 28 U.S.C. § 1915(g), Anderson must be in "imminent danger of serious physical injury." "[T]he determination as to whether a prisoner is in 'imminent danger' must be made as of the time that [Plaintiff] seeks to file IFP his complaint or notice of appeal." *Prescott v. UTMD Galveston Texas*, 73 F.4th 315, 321 (5th Cir. 2023) (quoting *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998)). Plaintiff is required to establish the existence of an "imminent danger of serious physical injury" at the time of filing the complaint. *Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019) (citing *Baños v. O'Guin,* 144 F.3d 883, 884–85 (5th Cir. 1998)). The imminent-danger exception requires a "'genuine emergenc[y],' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3rd Cir. 2001) ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). The prisoner must "allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id*. (quoting *Niebla v.*

*Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006) (citations omitted)).

### Anderson's Claim of Imminent Danger of Serious Physical Injury

Anderson alleges that during his incarceration at SMCI, he was sexually assaulted by homosexuals and gang members on June 2, 2023, June 13, 2023, and June 16, 2023. [1] at 15–17. According to Anderson's Complaint and testimony at the hearing, these sexual assaults occurred while he was sleeping, and based on his belief, they occurred after "these inmates" put "some form of med[icine]" or drug in his food and beverages. *Id*. at 15–16. During the hearing, Anderson admitted that he did not have any personal knowledge of the assaults, other than a feeling that something had happened. Anderson also did not offer specific allegations of inmates placing medicine or drugs in his food or drink; he only offered suspicions. Instead of presenting any credible testimony that the incidents actually occurred, Anderson merely offered unsupported speculations and conclusory allegations.

Such allegations of imminent danger "are insufficient to show that [a plaintiff] was under imminent danger of serious physical injury." *Smith v. Blount*, 258 F. App'x 630 (5th Cir. 2007); *see also Prescott,* 73 F. 4th at 322 (holding that conclusory and speculative allegations of contaminated food does not "demonstrate imminent danger as required by § 1915(g)"). "Plaintiff's subjective belief that other inmates are a threat to him is insufficient to establish imminent danger." *McDonald v. Horton*, No. 7:03cv265-R, 2004 WL 905815, at *1 (N.D. Tex. Apr. 27, 2004).

Anderson's imminent-danger claim also does not survive because he is no longer housed at SMCI where the alleged incidents occurred. *See Gordon v. Fisher*, No. 3:15cv592-DPJ-FKB, 2016 WL 11268857, at *1 (S.D. Miss. Oct. 17, 2016) (finding that Plaintiff's imminent danger

claim did not survive "especially in light" of his transfer to another facility), *report and recommendation adopted by* 2016 WL 11268858 (S.D. Miss. Nov. 8, 2016); *see also Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (noting that § 1915(g) exception would not be met, when plaintiff transferred to another facility).

Based on the record, including Anderson's own testimony, the undersigned finds that Anderson has failed to show that he meets the "imminent danger" exception under 28 U.S.C. § 1915(g). Accordingly, his IFP motions should be denied.

### Conclusion

For the reasons stated above, the undersigned recommends that the Court (1) deny Anderson's IFP motions [2, 5, 7, 9], (2) dismiss this case without prejudice, and (3) direct the Clerk of Court to re-open this civil action if the full filing fee of $402.00 is paid within 30 days from the dismissal of this case.

Anderson is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 11th day of December, 2023.

*s/ F. Keith Ball*
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).